Submitted on briefs January 20, affirmed February 24, rehearing denied March 3, 1925.

## MORTIMER BENNETT v. STATE INDUSTRIAL ACCIDENT COMMISSION.

(233 Pac. 537.)

**Appeal and Error—Finding of Court Sitting as Jury not Disturbed, if Supported by Any Competent Evidence.**

1. Under Section 159, Or. L., findings of court without jury cannot be set aside on appeal, if there is any competent evidence to sustain them.

**Master and Servant—Moving Donkey-engine Held Part of Occupation of Operating Sawmill.**

2. Where operator of sawmill operating under Workmen's Compensation Law leased mill and contracted to move donkey-engine to it, operating of mill and moving of engine thereto *held* to be part of one occupation, and employee injured while moving engine was, in view of Sections 6617, 6636, Or. L., and section 6614, as amended by Laws of 1921, page 564, under protection of Compensation Law.

---

See (1) 4 C. J. 879. (2) Workmen's Compensation Acts, 47.

1. See 2 R. C. L. 202.

2. Occupations or employments within meaning of Workmen's Compensation Acts, notes, Ann. Cas. 1917D, 4, 33, 38, 39, 42. See, also, 28 R. C. L. 716.

From Clackamas: J. U. CAMPBELL, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle*, Attorney General, and *Mr. Miles H. McKey*, Assistant Attorney General.

For respondent there was a brief over the name of *Mr. Wm. M. Stone*.

RAND, J.—On February 28, 1924, the plaintiff filed his claim for compensation with the State Industrial Accident Commission for a personal injury sustained while employed in moving a donkey-engine to a sawmill. The commission rejected his claim for compensation upon the ground that the employer of plaintiff was not subject to the Workmen's Compensation Act at the time of the injury complained of. From this decision the plaintiff appealed to the Circuit Court for Clackamas County, and from a judgment there rendered in favor of the plaintiff the commission appeals.

The cause was tried in the court below without the intervention of a jury upon a stipulation of facts and the record filed by the Attorney General in the court upon this appeal has attached to the copy of said stipulation the deposition of the employer of the plaintiff at the time of the injury. There is no bill of exceptions in the record and nothing to show whether the deposition was read in evidence, but it was filed in the Circuit Court prior to the time of the trial. In the condition of this record, and since some of the findings of the court relate to matters which are established by the deposition and are not

covered by the stipulation, we must assume that the deposition was properly before the learned trial court and was considered by him in making up his findings. As a part of said findings the court found that the employer, at the time of the accident, was subject to the Workmen's Compensation Act, and that plaintiff was within the protection of said act at the time of the injury.

1. Where an action has been tried by a court without a jury, the statute (Or. L., § 159), provides that the findings of the court upon the facts shall be deemed a verdict, and in construing this statute it has always been held by this court that these findings cannot be set aside upon appeal if there is any competent evidence to sustain them. Hence, since the findings are within the issues presented by the pleadings and these findings are sufficient to sustain the judgment, the only question presented for decision is, was there any competent evidence to sustain the findings?

It appears that plaintiff's employer, Mr. L. P. Matthews, owned and operated a sawmill for about four years, commencing in 1920; that during all of said time he operated under said act and made the contributions upon his employees, as required by the act; that some time in February, 1924, the date not being definitely stated, he leased his sawmill to his two sons, and at the time the lease was executed contracted to move the donkey-engine to said mill, where it was to be used by them for logging purposes in connection with the operation of said mill; that plaintiff was injured while the engine was being moved by its own power, and that the injury sustained was a broken leg.

2. It is argued that the moving of the engine to

the mill was a separate undertaking and not a part of the operation of Matthews' plant, and hence that if Matthews was at the time operating the sawmill, the plaintiff, being employed upon another undertaking, was not within the operation of the act. If Matthews, at the time of plaintiff's injury, was operating the sawmill and his employees were under the protection of the Workmen's Compensation Act, and in contracting to lease the property to his sons and as a part of his contract of leasing, had contracted to move the donkey-engine to the mill for use at the mill, as Matthews himself testified in his deposition, the operation of the mill and the moving of the engine to the mill were not separate occupations, but were each a part of one occupation for which the employees engaged in either enterprise were under the protection of the act.

There is nothing in the record that shows when, if at all, Matthews ceased to operate the mill. He himself testified in his deposition that at the time of plaintiff's injury he was operating under the act and that the plaintiff was protected by the act, and there is nothing in the record that in any way disputes this testimony. There was, therefore, evidence to support the lower court's finding upon that question, and if there had been evidence in contradiction of it, by force of the statute the determination of the court upon that point would be conclusive upon this court.

It is also claimed that the moving of the engine was not a part of a logging operation and that the movement of it was not a hazardous occupation, as defined by Section 6617, Or. L., and therefore that plaintiff's employment at the time of the injury was not an employment within the meaning of the act.

Under one of the provisos contained in Section 6614, Or. L., as amended by Chapter 311, Laws of 1921, where an employer is engaged in two or more occupations, one or more of which are hazardous and one or more not hazardous, the employer and his workmen engaged in the nonhazardous occupation are not subject to the act unless, under Section 6636, Or. L., the employer has elected to come under the act and has complied with the requirements of Section 6636. But by another proviso contained in Section 6614, where an employer is engaged in but one occupation, partly hazardous and partly non-hazardous, he comes within the terms of the act the same as if said occupation were wholly hazardous.

It seems to us that if plaintiff's employer was, at the time of plaintiff's injury, engaged in operating his mill and at the same time in the movement of an engine to the mill for logging purposes, it was all a part of one occupation and not two different or separate occupations. This being so, it renders unnecessary the consideration of the question raised by the Attorney General as to whether, in itself, the movement of the engine was a part of a logging operation or was an occupation defined as hazardous under the statute, since the operation of a sawmill is, under the statute, a hazardous occupation.

For these reasons we think the judgment should be affirmed.     AFFIRMED. REHEARING DENIED.